XIU YAN WU, Petitioner,

v.

UNITED STATES DEPARTMENT OF

JUSTICE, Alberto R. Gonzales,[1]
Respondent.

No. 05–2624–AG.

United States Court of Appeals,
Second Circuit.

May 10, 2006.

Xiu Yan Wu, pro se, New York, New
York, for Petitioner.

R. Alexander Acosta, United States At-
torney for the Southern District of Florida,
Anne R. Schultz, Appellate Division Chief,
Kathleen M. Salyer, Laura Thomas Rive-
ro, Assistant United States Attorneys,
Miami, Florida, for Respondent.

PRESENT: RALPH K. WINTER,
GUIDO CALABRESI, and PETER W.
HALL, Circuit Judges.

**SUMMARY ORDER**

Xiu Yan Wu, *pro se,* petitions for review
of the BIA's order affirming Immigration
Judge ("IJ") Paul A. DeFonzo's decision
denying Wu's applications for asylum,
withholding of removal and relief under
the Convention Against Torture ("CAT").
We assume the parties' familiarity with the
underlying facts and procedural history.

Where, as here, the BIA issues an opin-
ion that fully adopts the IJ's decision, this
Court reviews the IJ's decision. *See, e.g.,
Chun Gao v. Gonzales,* 424 F.3d 122, 124
(2d Cir.2005). "Persecution" has been de-
fined as "a threat to the life or freedom of,
or the infliction of suffering or harm upon,

those who differ in a way regarded as
offensive." *Matter of Acosta,* 19 I. & N.
Dec. 211, 222, 1985 WL 56042 (BIA 1985).
Although conduct must rise above mere
harassment to constitute persecution, per-
secution "includes more than threats to life
or freedom; non-life-threatening violence
and physical abuse also fall within this
category." *Tian–Yong Chen v. INS,* 359
F.3d 121, 128 (2d Cir.2004) (internal quota-
tion marks and alterations removed).
Furthermore, harm or suffering need not
be physical, but may take other forms,
such as, for instance, the deliberate impo-
sition of substantial economic disadvan-
tage. *See, e.g., Guan Shan Liao v. United
States Dep't of Justice,* 293 F.3d 61, 70 (2d
Cir.2002).

Here, the IJ reasonably found that even
assuming Wu's credibility, she had not suf-
fered persecution and did not possess a
well-founded fear of persecution. Al-
though Wu may have felt socially pres-
sured to have an abortion when she was
16, there is no indication that the Chinese
government coerced her to undergo the
procedure. In fact, Wu's explicit testimo-
ny that she voluntarily underwent the
abortion undermines any claim she might
have that it was forced. In addition, Wu
testified that she does not practice Falun
Gong, and despite her brief detention, the
record does not indicate that the Chinese
government believed that she was a Falun
Gong practitioner. We also note that Wu's
argument that she would be in danger for
violating the family planning policy if she
had two more children is too speculative to
make her eligible for asylum, even if it was
properly exhausted before the BIA. Final-
ly, we hold that there is nothing in the
record to indicate that it is more likely

---

1. The Immigration and Naturalization Ser-
vice was improperly-named as the respondent
in Wu's petition for review. Accordingly, we
replaced the INS with Alberto R. Gonzales,
who is the statutorily-designated respondent
in petitions for review of final orders of re-
moval. 8 U.S.C. § 1252(b)(3)(A).

than not that Wu will suffer torture if she returns to China.

For the foregoing reasons, Wu's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).